

# THE ATTORNEY GENERAL
# OF TEXAS

## AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

September 8, 1961

Mr. V. D. Housworth
Executive Secretary
State Board of Barber
  Examiners
Austin, Texas

Opinion No. WW-1138

Re: Whether barber schools,
    which were in operation
    upon the effective date
    of the amendment by the
    57th Legislature of Sec-
    tion 9 of the Texas Bar-
    ber Law, are required to
    pay the $200.00 applica-
    tion fee for a license

Dear Mr. Housworth:
    to operate such school.

       You have requested an opinion from this office on
the question of:

       "In the light of amendments made to Section
9 of the Texas Barber Law by the 57th Legislature,
would barber schools in operation at the time the
amendments became effective, be required to pay
the $200.00 application fee for a license to
operate their schools?"

       Prior to the amendment of Section 9 of Article
734a, Vernon's Penal Code, by virtue of House Bill 829, Acts
of the 57th Legislature, Regular Session, 1961, Chapter 287,
page 601, such Section read in part as follows:

       "Any firm, corporation or person desiring
to conduct or operate a barber school or college
in this state shall first obtain from the Board
of Barber Examiners a permit to do so, and shall
keep the same prominently displayed. . . ."

       While the provisions of Section 9 of Article 734a,
prior to the amendments made by House Bill 829, further pro-
vided for the necessary number of hours of instruction as a
pre-requisite for graduation from a barber school or college,
and in addition set forth certain subjects which must be in-
cluded in the instruction of students, there was a complete
lack of any provisions authorizing the Board of Barber Ex-
aminers to charge a fee in connection with the issuance of
permits to barber schools or colleges or provisions concern-
ing the renewal of permits which had been issued to barber
colleges or schools.

House Bill 829 amends Section 9 of Article 734a, and provides in Subsection (a) thereof that:

"Any firm, corporation, partnership or person desiring to conduct or operate a barber school or college in this state shall first obtain a permit from the State Board of Barber Examiners after demonstrating that said school or college has first met the requirements of this section. . . ." (Emphasis added)

The amendment made to Section 9 of Article 734a specifies that "any firm, corporation, partnership or person desiring to conduct or operate a barber school or college," and this would seem to clearly include existing barber schools and colleges, and they must obtain a permit from the Board of Barber Examiners and to obtain such permit the requirements of Section 9 of Article 734a, as amended by Houee Bill 829, must be met.

Section 9 of Article 734a, as amended by House Bill 829, specifies the requirements which must be met by barber schools or colleges prior to their obtaining a permit from the Board of Barber Examiners. In addition to such requirements as the necessary number of hours of instruction as a pre-requisite for graduation from a barber school or college and certain subjects which must be included in the instruction of students, as were provided for in Section 9 of Article 734a prior to the amendments by House Bill 829, the amendments to Section 9 of Article 734a by House Bill 829 set forth additional requirements which must now be met prior to the issuance of a permit by the Board of Barber Examiners to a barber school or college.

One of such additional requirements is found in Subsection (h) of Section 9 of Article 734a, as amended by House Bill 829 which provides that:

"(h) No barber school or college shall be issued a permit to operate under the provisions of this Section until it has first furnished the following evidence to the Board:

". . .

"(7) An application fee of Two Hundred Dollars ($200.00).

"No such school or college shall be operated and no students shall be solicited or enrolled by it until the Board shall determine that the school has been set up and established in accordance

with this Section and the proposal submitted to
the Board and approved by it prior to the issuance
of a permit. Any such school or college must ob-
tain renewal of its certificate by September 1st
each year by the payment of an annual renewal fee
of One Hundred Dollars ($100.00)."

Since the provisions of Section 9(a) of Article 734a,
as amended by House Bill 829, specify that the requirements of
Section 9 of Article 734a, as amended by House Bill 829, must
be met by "any firm, corporation, partnership or person desiring
to conduct or operate a barber school or college in this state,"
and since the provisions of Section 9(h) of Article 734a, as
amended by House Bill 829, specify that no permit shall be is-
sued until an application fee of Two Hundred Dollars ($200.00)
is submitted to the Board of Barber Examiners, we are of the
opinion that after the effective date of House Bill 829 all
barber colleges or schools desiring to operate in the State of
Texas must obtain a permit from the Board of Barber Examiners
and as one of the pre-requisites thereto must submit the ap-
plication fee of Two Hundred Dollars ($200.00) provided for
in Section 9(h) of Article 734a. Thereafter, such permits
may be renewed annually by the payment of the One Hundred
Dollar ($100.00) renewal fee set forth in Section 9(h) of
Article 734a.

While Section 4 of House Bill 829 provides that:

"Persons to whom certificates of registration
have been issued or who had made application for
registration and paid the fee therefor before the
effective date of this Act shall not be required
to pay any additional amount for the current reg-
istration period on account of the increase in
fees made by this Act.",

we are of the opinion that such provision does not bear upon
the question at hand since the "certificates of registration"
referred to in Section 4 of House Bill 829 pertain to those
certificates or licenses issued to barbers pursuant to Section
7 and Section 8 of Article 734a.

## S U M M A R Y

Barber schools or colleges in operation on
the effective date of House Bill 829 are required

Mr. V. D. Housworth, page 4 (WW-1138)

to pay the Two Hundred Dollar ($200.00) application fee required by Section 9(h) of Article 734a, Vernon's Penal Code, to operate such school or college.

Yours very truly,

WILL WILSON
Attorney General of Texas

By Pat Bailey

Pat Bailey
Assistant

PB:dhs


APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman
Joe A. Osborn
William E. Allen
Sam Wilson
Robert T. Lewis

REVIEWED FOR THE ATTORNEY GENERAL
BY:  Howard W. Mays